IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LITEPANELS, LLC and LITEPANELS, INC. | § § | |
| Plaintiffs | § § | |
| vs. | § § | CASE NO. 2:06-CV-167 |
| GEKKO TECHNOLOGY, LTD. | § § | PATENT CASE |
| Defendant | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Gekko Technology, Ltd.'s ("Gekko") Motion to Dismiss. For the foregoing reasons, the Court **DENIES** the motion.

### BACKGROUND

Plaintiffs Litepanels, LLC and Litepanels, Inc. ("Litepanels") filed their First Amended Complaint on April 21, 2006 alleging that Gekko violated U.S. Patent Nos. 6,749,310 ("the '310 patent") and 6,948,823 ("the '823 patent'). These patents relate to wide area lighting effects systems, and the alleged infringing products are lighting systems used in film and video. Gekko filed a motion to dismiss on July 13, 2006 asserting several grounds. The Court will take each ground in turn.

### ANALYSIS

<u>12(b)(4) Motion to dismiss for insufficiency of process</u>

Gekko first argues that Litepanels's complaint fails to correctly state the address of the company; therefore, the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4) for insufficiency of process. FED. R. CIV. P. 12(b)(4). However, Litepanels responds that Gekko agreed to accept service should Litepanels amend its First Amended Complaint to delete an

1

incorrect business address. Litepanels has requested leave to amend its First Amended Complaint, and the Court **GRANTS** the request; therefore, this issue is moot.

12(b)(1) motion to dismiss for lack of subject matter jurisdiction

Gekko next argues that the motion should be dismissed under Rule 12(b)(1) because the Court lacks subject matter jurisdiction since the amount in controversy is small. FED. R. CIV. P. 12(b)(1). However, the Court has original jurisdiction over "any civil action arising under any Act of Congress relating to patents . . ." regardless of the amount in controversy so this argument is without merit. 28 U.S.C. § 1338(a). Gekko also argues that the motion should be dismissed pursuant to Rule 12(b)(1) because Litepanels does not have standing to sue since it is not listed as the patentee on the patent. Litepanels, LLC was assigned the patents at issue on April 3, 2006; and Litepanels, LLC granted Litepanels, Inc. an exclusive license to the patents on that same day. Therefore, Litepanels has standing to bring the current suit.

12(b)(2) motion to dismiss for lack of personal jurisdiction

Gekko next argues that the Court lacks personal jurisdiction over it. The standard for establishing personal jurisdiction begins with a look to the state long-arm statute to determine whether jurisdiction exists. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003). Because Texas's long-arm statute extends to the limits of federal due process, it collapses into the second inquiry, whether exercise of jurisdiction would be consistent with the limitations of the federal due process clause. *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376 (Fed. Cir. 1998). In order to comport with the federal due process clause, a nonresident defendant he must have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In determining whether a defendant has minimum contacts with the forum state there are two types of jurisdiction, general jurisdiction and specific jurisdiction. Here, Litepanels argues that the Court has, at the very least, specific jurisdiction. Specific jurisdiction exists when a defendant purposefully directs its activities towards the forum state and the plaintiff's claim arises out of those activities. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545–46 (Fed. Cir. 1995). When specific jurisdiction "stems from a product, sold or manufactured by the foreign defendant, which has caused harm in the forum state, the court has jurisdiction if it finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000) (citing *World-Wide Volkswagon v. Woodson*, 444 U.S. 286, 298 (1980)).

In addition, the Texas long-arm statute allows a court to exercise personal jurisdiction over a defendant who commits a tort in Texas. *Hupp v. Siroflex of Am., Inc.* 848 F. Supp. 744, 746 (S.D. Tex. 1994). Patent infringement is a tort, and its injury occurs in the state where the infringing article is sold. *Id.* at 747; *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994).

In this case, Litepanels contends that Gekko has infringed one or more claims of the '310 patent and the '823 patent by selling or offering for sale, either directly or indirectly to people in the United States, goods that practice these patents. *Plaintiff Litepanels First Amended Complaint*, p. 5. Gekko contends the Court does not have personal jurisdiction because it does not directly sell lighting systems to consumers in the United States. However, one of Gekko's distributors, VFGadgets, Inc., has an interactive website that allows consumers in the United States, and more particularly in the Eastern District, to purchase Gekko's products. At least one sale was made in Texas when a Litepanels representative purchased the product off of the VFGadgets website. The

Gekko website lists VFGadgets as an official distributor and has a link to the VFGadgets website on its own website. Although VFGadgets and Gekko both contend they no longer offer the products for sale in the United States, Gekko does not deny that its products were available in Texas through the VFGadgets website when the lawsuit was filed.

Gekko website lists VFGadgets as an official distributor and has a link to the VFGadgets website on its own website. Although VFGadgets and Gekko both contend they no longer offer the products for sale in the United States, Gekko does not deny that its products were available in Texas through the VFGadgets website when the lawsuit was filed.

Because patent infringement is a tort, and this alleged infringement happened in the Eastern District, and Gekko put its product into the stream of commerce with the intent that it would be available to people in the United States and Texas, Gekko has sufficient minimum contacts to establish specific jurisdiction.

Finally, the Court must determine whether maintenance of the suit in Texas violates traditional notions of fair play and substantial justice. In analyzing this prong of the test, the Court may consider: the burden on the Defendant, the forum State's interest in adjudicating the dispute, the Plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social problems. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985).

Gekko did not address this part of the test in its motion, so it appears that Gekko does not contend that it is unfair to maintain the suit in Texas if minimum contacts are established. In addition, considering the factors above exercising jurisdiction over Gekko would not offend notions of fair play and substantial justice. The burden on Gekko will be the same no matter where in the United States it is sued. Gekko does not contend that one United States forum would be more convenient than another. Texas has an interest in adjudicating a dispute where products were sold to a customer in Texas and products were available to Texas residents at the time of the filing of this suit.

The Court concludes that it is within the limitations of the federal due process clause to exercise personal jurisdiction over Gekko

12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted.

Finally, Gekko argues that the complaint is insufficient because Litepanels fails to provide technical evidence, technical analysis, or technical detail regarding Gekko's infringement. Gekko further argues that its products do not infringe and thus the complaint is without merit. The Federal Rules do not require technical analysis or evidence in the complaint. All the rules require is a statement of a claim for relief. *See* FED. R. CIV. P. 12. In addition, "it is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Doe v. Hillsboro Indep. School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The complaint properly pleads claims of infringement, and this argument is without merit.

## CONCLUSION

Having considered Gekko's motion to dismiss, the Court **DENIES** the motion. The Court **GRANTS** Litepanels's motion for leave to file its second amended complaint. The Court recognizes that travel to the Eastern District of Texas may be inconvenient for Gekko as a foreign Defendant, and the Court reminds the parties that if they agree to a docket control order, discovery order, and a mediator, the scheduling conference set for October 25, 2006 will not be necessary. In the alternative, the Court is willing to consider conducting the scheduling conference via teleferenence on that date.

**So ORDERED and SIGNED this 16th day of October, 2006.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE