**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **LITEPANELS, LLC and LITEPANELS, INC.** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **CASE NO. 2:06-CV-167** |
| **vs.** | § | **PATENT CASE** |
| | § | |
| **GEKKO TECHNOLOGY, LTD.** | § | |
| | § | |
| **Defendant** | § | |

**MEMORANDUM OPINION AND ORDER**

On February 22, 2007, the Court heard several of the pending motions in this case. As stated at the hearing, Litepanels' motion for extension of time is **GRANTED** (Docket No. 50), Gekko's motion to remove a potential party is **DENIED** (Docket No. 47), and Gekko's motion for pro bono mediation is **DENIED** (Docket No. 61). The Court **ORDERS** Gekko to pay the mediator's fee by March 8, 2007.

During oral arguments, Litepanels argued that David Amphlett is not entitled to represent Gekko pro se.

The right to proceed pro se in civil actions is guaranteed by 28 U.S.C. § 1654: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." However, this right is limited to appear pro se on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, pro se. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam); *e.g., Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th

Cir. 2004); *Mut. Assignment & Indeminification Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 860 (7th Cir. 2004); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366, 1366 (Fed. Cir. 1983). As fictional legal entities, corporations and partnerships cannot appear for themselves personally. *Sw. Express Co.*, 670 F.2d at 55. Their only proper representative is a licensed attorney, "not an unlicensed layman regardless of how close his association with the partnership or corporation." *Id.* at 56. Thus, David Amphlett, who is not a licensed attorney, may not represent Gekko in this action.

Accordingly, the Court **ORDERS** Gekko to appear through counsel within 30 days. If counsel does not appear for Gekko within 30 days, the Court will enter a default judgment against Gekko based on its failure to defend itself in this litigation. Such a default judgment may include a permanent injunction.

**So ORDERED and SIGNED this 5th day of March, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**